## Addington v. Commonwealth.

(Decided January 23, 1925.)

### Appeal from Letcher Circuit Court.

1. Criminal Law—Court of Appeals Cannot Disturb Verdict Supported by Evidence.—Court of Appeals cannot disturb verdict supported by evidence.

2. Criminal Law—Refusal to Give Requested Instruction Held Not Error Because Covered by Instruction Given.—An instruction to jury that it would find accused guilty only if offense had been committed within 12 months before finding of indictment was equivalent to requested instruction that if offense was committed more than 12 months before indictment accused should be acquitted, so that refusal to give latter instruction was not error.

3. Criminal Law—Accused Having Admitted Transportation of Liquor, Evidence of his Reputation in Dealing in Liquors Held Not Prejudicial.—Accused having admitted transportation of liquor, evidence of his reputation in dealing in liquors held not prejudicial, since under such facts there was no issue on the question for which the evidence of reputation was probative.

R. MONROE FIELDS for appellant.

FRANK E. DAUGHERTY, Attorney General, and MOORMAN DITTO, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

Appellant was found guilty of transporting liquor and appeals. Appellant frankly admitted the act charged, but claimed that he committed the offense at election time in 1921, which was more than a year prior to the finding of the indictment. The proof of the Commonwealth was that the offense was committed at the November, 1922, election, which was within six months of the finding of the indictment. Although the Commonwealth's sole witness as to the commission and the date of the offense was at first somewhat doubtful as to its date, yet he finally stated unequivocally that it was committed at the 1922 election. The jury was instructed that if the appellant committed the act within twelve months before the finding of the indictment he should be found guilty, but if the jury had reasonable doubt of the appellant having been proven guilty it should find him not guilty. The court correctly submitted the case to the jury, and, there being evidence to support its verdict, we cannot disturb it.

Appellant insists that the court should have instructed the jury that if the offense was committed more than twelve months before the finding of the indictment, he should be acquitted. As stated, the court instructed the jury that it could find appellant guilty only if the offense were committed within twelve months before the finding of the indictment, and hence the jury was told exactly what appellant insists that it should have been told. It was not error to fail to give the instruction in the form requested by appellant.

Appellant further insists that prejudicial error was committed in admitting testimony as to his reputation in transporting and dealing in liquor. Whether or not this testimony was elicited by proper questions and answers, it is not necessary for us to decide, since any error in this connection was plainly not prejudicial. This evidence, which is substantive in its nature, was only probative of the commission of the act vel non. As appellant admitted he committed the act there was no issue on the question for which this reputation evidence was probative.

The judgment of the lower court is affirmed.